[Crim. No. 12241. First Dist., Div. Four. July 15, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSEPH H. CARRINGTON et al., Defendants and Respondents.

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Jack R. Winkler, Chief Assistant Attorneys General, Edward P. O'Brien and William E. James, Assistant Attorneys General, W. Eric Collins and Sanford Svetcov, Deputy Attorneys General, for Plaintiff and Appellant.

Sheldon Portman, Public Defender, C. Randall Schneider, Deputy Public Defender, Dan Oneal, Chapman & Mattern, William A. Jennings, La Croix & Schumb, Allen Reames, Anthony J. Trepel, Trepel, Gingerich & Hoss, Steven C. Schlosser and William E. Parker for Defendants and Respondents.

## OPINION

**CHRISTIAN, J.**—The People appeal from an order dismissing 66 counts of an information which charged respondents with bookmaking (Pen. Code, § 337a). The order was made on the court's own motion after wiretap evidence upon which the prosecution was founded had been suppressed on a defense motion made under Penal Code section 1538.5.

The disputed evidence had been obtained by federal officers acting under authority of an order of a federal district judge pursuant to title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510-2520). The superior court held that Penal Code section 631, subdivision (c), rendered the wiretap evidence inadmissible in the state prosecution, despite the order of the federal court.

The superior court properly felt bound by the directly applicable holding of the Court of Appeal for the Fourth Appellate District in *People* v. *Jones* (1973) 30 Cal.App.3d 852 [106 Cal.Rptr. 749] (pet. for hg. den.; cert. den., 414 U.S. 804 [38 L.Ed.2d 40, 94 S.Ct. 163]). The People petitioned for a writ of mandate urging this court to declare for application in the First Appellate District a rule in conflict with that expressed in *People* v. *Jones.* This we declined to do, citing the *Jones* decision in our minute order denying the writ.

The California Supreme Court has held in *People* v. *Medina* (1972) 6 Cal.3d 484 [99 Cal.Rptr. 630, 492 P.2d 686], that where a motion to suppress evidence under section 1538.5 has been denied and a defense petition for a writ has been denied by the Court of Appeal *without opinion,* further review of the ruling on the motion to suppress evidence can be had in an appeal from a judgment of conviction. That result was held to be required by language in section 1538.5 which allows "further review of the validity of a search or seizure on appeal from a conviction" (*People* v. *Medina, supra,* at p. 488). The statute makes no provision, however, for such further review at the behest of the People.

If a trial court grants a defendant's motion to suppress evidence at the preliminary hearing and does not hold the defendant to answer, the People may file a new compaint or seek an indictment "and the ruling at the prior hearing shall not be binding in any subsequent proceeding." (Pen. Code, § 1538.5, subd. (j).) If the defendant's motion is granted at the preliminary hearing but the defendant is nevertheless held to answer, the ruling at the preliminary hearing is binding unless the prosecution moves for a special pretrial hearing to test the propriety of the search and seizure. (*Ibid.*) If the defendant's motion is granted at a special pretrial hearing, the People may contest the ruling at trial by presenting additional evidence which for good cause was not presented at the pretrial hearing, or "the people may seek appellate review as provided in subdivision (o), unless the court prior to the time such review is sought has dismissed the case [on its own motion]." (*Ibid.*) Subdivision (o) provides that the People may seek appellate review of a trial court's ruling by filing a petition for writ of mandate or prohibition. If the trial court dismisses a case prior to trial (see Pen. Code, § 1385) after granting a motion to suppress evidence, the People may appeal from the dismissal order. (Pen. Code, § 1238, subd. (a)(7).) The appellate court may review on the appeal the merits of the trial court's order granting the motion to suppress. (*Id.,* subd. (c).)

■ Section 1538.5 also provides that "If the people prosecute review by appeal or writ to decision, or any review thereof, . . . it shall be

binding upon them." (Pen. Code, § 1538.5, subd. (j).) The plain command of this sentence is that once the People obtain a decision from the appellate court, either by appeal or by writ, they may not relitigate the lawfulness of the search in the trial court or on appeal; they are bound by the decision. (See *People* v. *Superior Court* (1972) 6 Cal.3d 757, 769-770 [100 Cal.Rptr. 281, 493 P.2d 1145]; cf. Pen. Code, § 1238, subd. (b).) This result is in keeping with the legislative purpose underlying section 1538.5: "to reduce the unnecessary waste of judicial time and effort involved in the prior procedures, whereby search and seizure questions could be repeatedly raised in criminal proceedings." (*People* v. *Superior Court* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202]; see 22 Assem. Interim Com. Report No. 12 (1965-1967) pp. 13-14, in 2 Assem. Journal Appendix (1967 Reg. Sess.).)

Appellant argues that the term "decision" in subdivision (j) of section 1538.5 means only a decision expressed in a written opinion. It is true that the Constitution requires that "Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated." (Cal. Const., art. VI, § 14.) An appellate court's denial without opinion of a petition for a writ of mandate is not the determination of a "cause" as the term is used in the Constitution. "Only when the appellate court issues an alternative writ or order to show cause does the matter become a 'cause' which is placed on the court's calendar for argument and which must be decided 'in writing with reasons stated.'" (*People* v. *Medina, supra*, 6 Cal.3d at p. 490.) But a decision, in common usage, is "a determination arrived at after consideration." (Webster's Third New Internat. Dict. (1965).) A denial of a writ petition, without an opinion, is a decision for other purposes specified in the Rules on Appeal (rule 24, Cal. Rules of Court). The denial of the People's petition for a writ contesting a trial court's grant of a motion to suppress evidence means resolution of the issue based on a full record of the evidence presented at the hearing on the motion. Appellate courts do not deny such petitions without consideration. Therefore, a denial by minute order of a petition by the People constitutes review by "writ to decision" within the meaning of section 1538.5, subdivision (j); the result is binding on the People.

In *Medina*, the court pointed out that a defendant had the right, prior to the enactment of section 1538.5, to have the merits of a search or seizure objection argued before the appellate court and decided by written opinion on an appeal from a judgment of conviction. (*People* v. *Medina, supra*, 6 Cal.3d at p. 490.) It concluded that "Nothing in the language or history of section 1538.5 suggests that the Legislature contemplated that its

enactment . . . could be construed to deny the defendant an opportunity for appellate argument and decision by written opinion . . ." (*Ibid.*) In contrast, the People, prior to the enactment of section 1538.5, had no right to have pretrial review of a trial court's decision to suppress evidence. (22 Assem. Interim Com. Report No. 12, *supra,* at pp. 15-16.) To allow binding pretrial decision by an appellate court without written opinion of a defendant's claim would undermine the entire scheme of section 1538.5. "[P]retrial writ review would become useless for no well-advised defendant would invoke that provision at the risk of losing the right to be heard at oral argument and to have the merits of his constitutional contention decided by a written opinion." (*People* v. *Medina, supra,* 6 Cal.3d at p. 490.) The system is unaffected by allowing decision without written opinion of the People's petition. If the People desire a written opinion, they may appeal after a dismissal instead of petitioning for a writ. But they may not exercise both remedies.

The order is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.