[No. B028568. Second Dist., Div. Six. June 15, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARLES DAVID ALLISON, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. The portions to be published follow.

COUNSEL

Thomas W. Sneddon, Jr., District Attorney, and Gerald McC. Franklin, Deputy District Attorney, for Plaintiff and Appellant.

Glen Mowrer, Public Defender, Michael C. McMahon, Assistant Public Defender, and Seymour Weisberg, Deputy Public Defender, for Defendant and Respondent.

OPINION

GILBERT, J.—The People through a petition for writ of mandate challenge a trial court's order suppressing evidence seized during a parole search pursuant to Penal Code section 1538.5.[1] The Court of Appeal summarily denies the petition. May the People later appeal the trial court's

[1] All further statutory references are to the Penal Code unless otherwise specified.

order? Yes. Here, the People may appeal an order dismissing an information following the suppression of evidence used against defendant Charles Allison.

· · · · · · · · · · · · · · · · · · · · · ·*

DISCUSSION

I.

The people first challenged the trial court's order suppressing evidence through a petition for writ of mandate. We denied that petition by minute order. Allison contends that subdivision (j) of section 1538.5 and *People* v. *Carrington* (1974) 40 Cal.App.3d 647 [115 Cal.Rptr. 294], permit the People to review an order suppressing evidence either by extraordinary writ or appeal, but not both. The People's election to contest the suppression order by writ of mandate, he asserts, precludes their appeal of the order. We disagree and decide that the earlier determination does not prevent this appeal.

Subdivision (j) of section 1538.5 provides in part that "[i]f the people prosecute review by appeal or writ to decision, or any review thereof, in a felony or misdemeanor case, it shall be binding upon them." *Carrington* decided that a minute order denying a prosecution petition for writ of mandate challenging a suppression ruling constituted review by " 'writ to decision' " under subdivision (j) of section 1538.5. "The plain command of [subdivision (j)] is that once the People obtain a decision from the appellate court, either by appeal or by writ, they may not relitigate the lawfulness of the search in the trial court or on appeal; they are bound by the decision. [Citations.]" (*People* v. *Carrington, supra,* 40 Cal.App.3d at p. 650.) The appellate court reasoned that the stated legislative purpose of subdivision (j) was to conserve judicial effort in resolving search and seizure questions. (*Ibid.*)

*Carrington* concluded that the word "decision" in subdivision (j) did not contemplate a written opinion. The court reasoned that "decision," in common usage, meant " 'a determination arrived at after consideration.' [Citation.]" (*People* v. *Carrington, supra,* 40 Cal.App.3d at p. 650.) Denial of a petition for writ by minute order, the court explained, was a considered decision: "The denial of the People's petition for a writ contesting a trial court's grant of a motion to suppress evidence means resolution of the issue based on a full record of the evidence presented at the hearing on the motion. Appellate courts do not deny such petitions without consideration." (*Ibid.*)

---

*See footnote, *ante,* page 1084.

We do not quarrel with this recital of the obvious. Nevertheless, despite our summary denial of a writ petition after an exhaustive consideration of its merits, the phoenix may rise again. In *People* v. *Medina* (1972) 6 Cal.3d 484, 491 [99 Cal.Rptr. 630, 492 P.2d 686], our Supreme Court noted that writ petitions under section 1538.5, like writs of mandate and prohibition, are often confined to questions of first impression, and may come within a principle of discretionary denial.

The *Medina* court discussed why a denial of a writ petition is not necessarily a denial on the merits. "When the record of the pretrial hearing indicates that the defendant unsuccessfully moved to suppress several items of evidence, some of which appear to have been seized validly and others invalidly, an appellate court may deny the petition without opinion in anticipation that the People will not insist on using inadmissible evidence at trial. It may take the view that the use of relatively minor items of evidence will be harmless beyond a reasonable doubt, and it may consider that the picture of the entire case developed at trial will enable it to make a better informed appraisal of the harmless error problem on appeal from a judgment of conviction. Such appraisal on appeal may result in a determination favorable to the defendant even though on denial of the pretrial writ petition the appellate court was tentatively of the opinion that admission of apparently minor items of evidence would be harmless. [¶] In light of the various considerations which may impel appellate justices to vote to deny a defendant's petition for a pretrial writ under section 1538.5 without opinion, we believe that giving such a minute order conclusive effect on an appeal from a subsequent judgment of conviction would amount to improper conjecture and surmise as to the theoretically possible mental processes of the justices.[2] [Citation.]" (*People* v. *Medina, supra,* 6 Cal.3d at pp. 491-492.)

 In footnote 6 at page 491, the *Medina* court stated that "[t]he denial without opinion of a petition for a writ of mandate or prohibition is not res judicata except when the sole possible ground of denial was on the merits or it affirmatively appears that the denial was intended to be on the merits. [Citations.]" The *Carrington* court said that the *Medina* rule allowing for further review after summary denial of a writ does not apply when the writ is sought by the People. (*People* v. *Carrington, supra,* 40 Cal.App.3d at p. 649.) This assumes that a summary denial of a writ petition is a decision on the merits. It is our view that irrespective of who seeks review, a summary denial of a writ petition is not necessarily a decision on the merits.

"In the present case the People's petition for a writ of mandate under section 1538.5 was denied without opinion. The record in that case, which

---

[2] We assume it is not the presence of mental processes that is theoretical.

we judicially notice, does not indicate whether the denial of the petition was on the merits or whether it was a discretionary denial. In the absence of an affirmative indication in the record that the petition was determined on the merits we may not conclude that it was so determined. Since under the state of the record it may also be concluded that the appellate court acted within the principle of discretionary denial, we may not hold that the determination against the People was conclusive under the doctrine of res judicata or was such that it must be adhered to under the doctrine of the law of the case.

■ "In reaching this conclusion we point out that we are in accord with *Carrington* that the term 'decision' in subdivision (j) of section 1538.5 does not mean a decision expressed in a written opinion. A decision affirmatively indicating that the denial of the petition was on the merits satisfies the mandate of the statute." (*People* v. *Paris* (1975) 48 Cal.App.3d 766, 770 [122 Cal.Rptr. 272].)

■ We agree with *Paris*. Here we denied the People's petition for writ of mandate without opinion and as an act of discretionary denial. That appellate order does not conclusively evidence that denial was upon the merits and so, it neither bars nor governs this decision. (*People* v. *Paris, supra,* 48 Cal.App.3d at p. 770; Fisher, et al., Appeals and Writs in Criminal Cases (Cont.Ed.Bar 1982) § 2.88, pp. 274-275.) We, therefore, disagree with that reasoning of *People* v. *Carrington, supra,* that compels a different result.

## II., III.*

. . . . . . . . . . . . . . . . . . . . . .

Accordingly, Allison's motion to dismiss the appeal is denied.

Stone (S. J.), P. J., and Abbe, J., concurred.

A petition for a rehearing was denied July 13, 1988, and appellant's petition for review by the Supreme Court was denied September 29, 1988.

---

* See foonote, *ante* page 1084.