Marcia Ellen BUNNEY, Petitioner–
Appellant,

v.

Gwendolyn MITCHELL,* Warden of
the Central California Women's
Facility, Respondent–Appellee.

No. 00–15432.

United States Court of Appeals,
Ninth Circuit.

Filed May 10, 2001.

Before: GOODWIN, GRABER, and
PAEZ, Circuit Judges.

### ORDER

GRABER, Circuit Judge.

We certify to the California Supreme Court the question set forth in Part III of this order.

Our previous opinion, *Bunney v. Mitchell*, 241 F.3d 1151 (9th Cir.2001), is withdrawn, and all further proceedings in this case are stayed pending receipt of the answer to the certified question. This appeal is withdrawn from submission and will be resubmitted after receipt of the California Supreme Court's opinion on the certified question. This panel retains jurisdiction over further proceedings in this court. The parties will notify the Clerk of this court within one week after the California Supreme Court accepts or rejects certification and again within one week after that court renders its opinion.

### I.

Pursuant to Rule 29.5 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, certifies to the California Supreme Court a question of law concerning the date on which a summary denial by the Supreme Court is "final." The decisions of the California Supreme Court and Courts of Appeal provide no clear answer to the certified question, which may be dispositive in this appeal. Accordingly, we respectfully request that the California Supreme Court answer the question presented below. The California Supreme Court may reformulate the question. *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 238 F.3d 1159, 1160 (9th Cir.2001). We agree to follow the answer provided by the California Supreme Court. If the court denies certification, we will "predict as best we can what the California Supreme Court would do in these circumstances." *Pacheco v. United States*, 220 F.3d 1126, 1131 (9th Cir.2000).

### II.

The caption of the case is:

MARCIA ELLEN BUNNEY, Petitioner–Appellant,

v.

GWENDOLYN MITCHELL, Warden of the Central California Women's Facility, Respondent–Appellee.

Counsel for the parties are as follows:

For Marcia Ellen Bunney: Michael Satris, Bolinas, California.

For Gwendolyn Mitchell: Martin S. Kaye, Deputy Attorney General, San Francisco, California.

### III.

The question for which we seek certification is:

When is the summary denial of a petition for habeas corpus by the California

---

* Gwendolyn Mitchell is substituted for her predecessor, as Warden of the Central California Women's Facility. Fed. R.App. P. 43(c)(2).

Supreme Court "final": when filed, 30 days after filing, or at some other time?

This action was dismissed as untimely by the United States District Court for the Northern District of California. The answer to the foregoing question of law is necessary for this court to determine whether Petitioner Marcia Ellen Bunney's federal-court petition for a writ of habeas corpus was timely.

## IV.

The relevant facts are as follows:

Petitioner shot and killed her ex-boyfriend, Ted DuBois. She was indicted in California on a charge of first-degree murder, waived her right to a jury trial, and was tried before the court. She alleged at trial that, because of her mental condition, she was unable to premeditate, deliberate, or harbor malice. She presented expert testimony about her mental condition; the government presented expert testimony in response. On May 25, 1982, the court found Petitioner guilty of first-degree murder and imposed a sentence of between 25 years and life in prison. Petitioner appealed to the California Court of Appeal, which affirmed her conviction on September 4, 1984.

In October 1995, Petitioner retained her present counsel in preparation for a March 1996 parole hearing. Counsel interviewed Petitioner and reviewed her prison mental health file and the transcript of her trial. Counsel then retained the services of Dr. Daniel Sonkin, a psychotherapist and expert on domestic violence. After interviewing Petitioner and reviewing her psychological reports from the time of trial, Sonkin concluded that Petitioner had suffered from Battered Women's Syndrome (BWS) at the time she killed DuBois. At Petitioner's March 21, 1996, parole hearing, counsel relied on Sonkin's diagnosis of BWS, but the parole board denied parole nonetheless.

On February 14, 1997, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The California Supreme Court summarily denied that petition on May 28, 1997.

On September 4, 1997, Petitioner filed a petition for writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254. In her petition, she claimed that (1) her trial counsel was ineffective for failing to investigate or present expert testimony about BWS; and (2) in view of Sonkin's diagnosis of BWS, she was entitled to a new trial.

The district court issued an order in which it (1) noted that the petition appeared to be untimely under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); and (2) directed the government to bring a motion to dismiss the petition as untimely or, alternatively, to explain why such a motion was unwarranted. The government filed a motion to dismiss; Petitioner filed an opposition.

The district court granted the government's motion to dismiss. After requesting and receiving a certificate of appealability from the district court, Petitioner timely appealed.

On appeal, we affirmed in a published opinion, which we are hereby withdrawing, in which we concluded that Petitioner's federal-court petition for habeas corpus was untimely. *Bunney*, 241 F.3d at 1157. Petitioner submitted a petition for rehearing, arguing that (1) the statute of limitations began to run one day later than we had concluded; and (2) the California Supreme Court's summary denial of her petition for habeas corpus was not final until 30 days after it was filed. Thus, she argued, the statute of limitations had been tolled in her case for an additional 31 days and, as a result, her federal-court petition was timely.

The State of California filed a response to the petition for rehearing, in which it argued that summary denial of the petition for habeas corpus was final on the date that the California Supreme Court filed it.

## V.

We respectfully submit that the question we pose is worthy of certification because it arises frequently in cases governed by AEDPA's one-year time limit, its answer may be dispositive in this case, and it is not directly answered by opinions of the California Supreme Court or Courts of Appeal.

In two unpublished memorandum dispositions, this court held that summary denials of habeas petitions by the California Supreme Court are not final until 30 days after they are filed. *Morgan v. Fairman*, No. 99–5546, 234 F.3d 1277, 2000 WL 1154976 (9th Cir.2000) (unpublished table decision); *Washington v. Lindsey*, No. 99–55149, 217 F.3d 848, 2000 WL 553454 (9th Cir.2000) (unpublished table decision). Both *Morgan* and *Washington* relied on *People v. Carrington*, 40 Cal.App.3d 647, 115 Cal.Rptr. 294 (1974). In *Carrington*, the California Court of Appeal held that its summary denial of the state's petition for writ of mandate, in which the state challenged a trial court's suppression of evidence in a criminal trial, constituted review by "writ to decision" within the meaning of California Penal Code § 1538.5(j) and, therefore, was binding on the government in a subsequent appeal. *Id.* at 650, 115 Cal.Rptr. 294. In applying *Carrington* to denials of habeas petitions by the California Supreme Court, we have focused on the court's statement, at 40 Cal.App.3d at 650, 115 Cal.Rptr. 294, that a denial of a "writ petition" is a "decision" within the meaning of Rule 24 of the California Rules of Court. *Morgan*, 2000 WL 1154976 at, *1; *Washington*, 2000 WL 553454, at *1. Rule 24(a) states in part: "A decision of the Supreme Court becomes final 30 days after filing unless the court orders a shorter time.…" Thus, we reasoned, if summary denial of a "writ petition" is a "decision," and a "decision" by the Supreme Court does not become final for 30 days, then a summary denial does not become final for 30 days.

In our view, *Carrington* provides only limited support for the proposition that summary denials of habeas petitions by the California Supreme Court are not final until 30 days after they are filed. First, *Carrington* is a Court of Appeal case that answers the question when a *Court of Appeal* decision becomes final. Second, *Carrington* is not a habeas case. Third, and perhaps most important for present purposes, another district of the California Court of Appeal disagreed with *Carrington's* holding. *People v. Allison*, 202 Cal. App.3d 1084, 1088, 249 Cal.Rptr. 218 (1988). The California Supreme Court has not resolved the conflict between *Carrington* and *Allison*.

Further, the State of California presented, as an appendix to its opposition to the petition for rehearing, two unpublished but publicly available letters from the California Supreme Court in a case captioned *In re Robert Wayne Danielson on Habeas Corpus* (No. S017435). Those letters state, as relevant, that the *California Supreme Court's* own summary denial of a petition for writ of habeas corpus is "considered final forthwith."

Both positions find some textual support in the California Rules of Court. In pertinent part, Rule 24(a) provides:

A decision of the Supreme Court becomes final 30 days after filing unless the court orders a shorter time or, prior to the expiration of the 30-day period or any extension, orders one or more additional periods not to exceed a total of 60 additional days. An order of the Supreme Court denying a petition for re-

view of a decision of a Court of Appeal becomes final when it is filed.

\* \* \* \* \* \*

When a decision of a reviewing court is final as to that court, it is not thereafter subject to modification or rehearing by that court.... [I]f the judgment is modified during [the time allowed for rehearing], the period specified herein begins to run anew, as of the date of modification.

Rule 27(a) provides, as relevant here: "The Supreme Court ... may grant a rehearing after its own decision in any cause...."

One plausible way to read Rule 24(a) is by itself and literally; any "decision" of any kind becomes final 30 days after filing (unless the court orders a shorter or longer time in an individual case).[1] But another plausible way to read Rule 24(a), along with Rule 27(a), is to construe the 30–day delay in finality as applying only because—and only in those matters—in which rehearing of a "cause" may occur. In turn, the determination of a "cause" may not encompass a summary denial of a petition for writ of habeas corpus. *See* Cal. Const. art. VI, § 14 ("Decisions of the Supreme Court ... that determine causes shall be in writing with reasons stated."); *In re Rose*, 22 Cal.4th 430, 447, 93 Cal.Rptr.2d 298, 310, 993 P.2d 956, 968 (2000) (discussing the meaning of the term "cause" in art. VI, § 14); *Funeral Dirs. Ass'n of L.A. & S. Cal. v. Bd. of Funeral Dirs. & Embalmers of Cal.*, 22 Cal.2d 104, 136 P.2d 785, 786 (1943) (en bank) (same, in the context of a petition for an original writ).

In sum, we are uncertain about what the California Supreme Court's answer would be to the question when the summary denial by the California Supreme Court of a

petition for habeas corpus becomes "final." We therefore respectfully request that the Supreme Court of California accept certification and resolve this question.

IT IS SO ORDERED.

---

1. That is what this court appears to have done in the two unpublished dispositions mentioned above.