Marcia Ellen BUNNEY, Petitioner–
Appellant,

v.

Gwendolyn MITCHELL,* Warden of
the Central California Women's
Facility, Respondent–Appellee.

No. 00–15432.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2001

Opinion Filed March 5, 2001

Opinion and Submission Withdrawn
May 10, 2001

Resubmitted Aug. 16, 2001

Filed Aug. 28, 2001

Michael Satris, Bolinas, California, for
the petitioner-appellant.

Martin S. Kaye, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

Before: GOODWIN, GRABER, and
PAEZ, Circuit Judges.

PER CURIAM:

In 1982, Petitioner Marcia Ellen Bunney was convicted of first-degree murder in California. On September 4, 1997, she filed a petition for a writ of habeas corpus in district court, pursuant to 28 U.S.C.

na's notes indicate that Mayes complained of back pain only once, on April 18, 1997.

* Gwendolyn Mitchell is substituted for her predecessor, as Warden of the Central California Women's Facility. Fed. R.App. P. 43(c)(2).

§ 2254. The district court dismissed the petition as untimely.

We initially affirmed that dismissal, *Bunney v. Mitchell*, 241 F.3d 1151 (9th Cir.2001), then withdrew our opinion and certified to the California Supreme Court the following question:

> When is the summary denial of a petition for habeas corpus by the California Supreme Court "final": when filed, 30 days after filing, or at some other time?

*Bunney v. Mitchell*, 249 F.3d 1188, 1188–89 (9th Cir.2001). The California Supreme Court denied certification and informed us that it currently is revising the relevant California Rules of Court.

■ Prisoners like Petitioner, whose convictions became final before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, must file their petitions for habeas corpus within one year of AEDPA's effective date, April 24, 1996. *Saffold v. Newland*, 250 F.3d 1262, 1265 (9th Cir.2000). That one-year period ended on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

■ Petitioner filed her petition 133 days later, on September 4, 1997. Nevertheless, the petition was timely. Under 28 U.S.C. § 2244(d)(2), the period "during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted" toward AEDPA's one-year statute of limitations. Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on February 14, 1997. That petition was denied on May 28, 1997. Rule 24 of the California Rules of Court provides that "[a] decision of the Supreme Court becomes final 30 days after filing." Under Rule 24, a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days (and therefore is subject to further action during that time). *See People v. Carring-*

*ton*, 40 Cal.App.3d 647, 650, 115 Cal.Rptr. 294 (1974) (stating that a denial of a writ petition is a "decision" within the meaning of Rule 24). Thus, the denial of Petitioner's state-court habeas petition was not final until June 27, 1997. For purposes of AEDPA's statute of limitations, Petitioner's "clock" began to run again the next day, June 28, 1997. *Patterson*, 251 F.3d at 1247.

That period of tolling—February 14, 1997, through June 27, 1997—is 134 days. As noted, Petitioner filed her federal-court petition for habeas corpus 133 days after AEDPA's statute of limitations ordinarily would have run, in the absence of any period of tolling. Because the number of days that the statute of limitations was tolled exceeds the number of days after April 24, 1997, that the petition was filed, it follows that the petition was not untimely.

In view of our conclusion that the petition was timely, it is unnecessary for us to address the other issues that Petitioner raises in this appeal.

REVERSED and REMANDED.