Bennie Jay TEAL, Petitioner–Appellant,

v.

Larry SMALL, Warden, Respondent–Appellee.

No. 00–56642.

D.C. No. CV–00–02646–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Bennie Jay Teal, a California State prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Teal's habeas petition, *see Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.), *cert. denied,* 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 183 (2000). We vacate and remand for further proceedings.

Teal contends that his § 2254 petition was timely filed because the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period was tolled during the pendency of his state habeas petitions. We agree.

The AEDPA's limitation period began to run when Teal's state conviction became final on August 11, 1998. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999). The AEDPA limitations period was tolled during the pendency of his properly filed applications for state post-conviction relief. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). This includes the 30–day period after the California Supreme Court denied each state habeas petition, because each denial was not final until 30 days after filing. *Bunney v. Mitchell,* 262 F.3d 973 (9th Cir.2001).

Because Teal filed his first state habeas petition before his conviction became final, the limitation period did not begin to run until January 21, 1999, when the California Supreme Court's denial of the first state petition became final. The limitation period was also tolled during the pendency of Teal's second state petition filed on October 14, 1999,[1] the denial of which did not become final until January 20, 2000. At this time, Teal had 99 days to file a timely federal habeas petition; he did so on March 6, 2000, with 53 days remaining on the one-year clock.

Although the district court did not have the benefit of our decision in *Bunney v. Mitchell,* that decision is applicable in this instance. Because *Bunney* renders Teal's federal habeas petition timely, we vacate and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. *See Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir.2000), *cert. denied,* — U.S. ——, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001) (holding that prison "mailbox rule" applies to state as well as federal habeas petitions).