**Demetrius BORSTAD, Petitioner–Appellant,**

v.

**George GALAZA, Respondent–Appellee.**

No. 00–17459.

D.C. No. CV–97–20869–JW.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, GRABER and BERZON, Circuit Judges.

MEMORANDUM \*\*

Demetrius Borstad, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Borstad's habeas petition, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand for further proceedings.

Borstad contends that his § 2254 petition was timely filed because the district court incorrectly calculated the time during which the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period was tolled. This contention has merit.

The one-year limitations period began to run in Borstad's case on April 24, 1996. *See* 28 U.S.C. § 2244(d)(1); *Miles v. Prunty*, 187 F.3d at 1105. Given the benefit of tolling for the entire time during which Borstad was properly pursuing habeas relief in the California courts, the statute of limitations expired on September 30, 1997. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000); *Bunney v. Mitchell*,[1] 262 F.3d 973, 974 (9th Cir.2001) (holding that limitations period is tolled until California Supreme Court denial of state habeas petition becomes final, 30 days after filing). Because Borstad submitted his § 2254 petition to prison authorities for filing on September 24, 1997,[2] his petition

---

**1.** *Bunney v. Mitchell* was not decided until after the district court had rendered its decision in this case.

**2.** *See Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001) (holding

was timely filed, and we remand for further proceedings consistent with this opinion.

**VACATED** and **REMANDED.**

---

that prison "mailbox rule" applies to state as well as federal habeas petitions).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.