**Jose MEDINA, Petitioner–Appellant,**

v.

**Ana Ramirez PALMER, Warden, Respondent–Appellee.**

**No. 00–55519.**

**D.C. No. CV–98–07763–NMM.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.\*

Decided Nov. 14, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM \*\*

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

California state prisoner Jose Medina appeals from the district court's denial as untimely of his 28 U.S.C. § 2254 habeas petition challenging his conviction for the sale of heroin. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of a habeas petition as time barred. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). We reverse and remand.

Medina's conviction became final on December 23, 1996. Giving Medina credit for the time during which his habeas petition was pending in state court, the District court determined that the AEDPA's one-year statute of limitations ran on September 9, 1998. However at the time that the district court ruled, it did not have the benefit of our decision in *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) (per curiam). *Bunney* provides that pursuant to Rule 24 of the California Rules of Court, "a decision of the [California] Supreme Court becomes final 30 days after filing." Applying *Bunney* to the present case, we determine that the statute of limitations did not run until October 30, 1998, and accordingly, Medina's petition, filed on September 25, 1998, was timely.

**REVERSED** and **REMANDED.**[1]

---

1. A certificate of appealability was granted by this court on the issue of whether Medina was entitled to equitable tolling. However because Medina's habeas petition was timely, we decline to consider this issue.

