**Jorge ESTRADA, Petitioner–Appellant,**

v.

**Rosie B. GARCIA, Warden, et al. Respondents–Appellees.**

No. 00–55565.

D.C. No. CV 99–02914–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Nov. 15, 2001.

---

836

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

### MEMORANDUM [1]

Jorge Estrada appeals the district court's dismissal of his habeas corpus petition as untimely and argues that he is entitled to both statutory and equitable tolling of AEDPA's one-year statute of limitations.

#### A. Statutory Tolling

Estrada's residential robbery conviction became final on October 22, 1996—ninety days after the California Supreme Court denied his direct appeal. *See Bowen v.*

1. This disposition is not appropriate for publication and may not be cited to or by the

*Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Estrada then filed a habeas corpus petition in the Los Angeles Superior Court on August 11, 1997. That petition was denied on September 9, 1997. Estrada then filed his habeas petition in the California Court of Appeal on October 10, 1997 and it was denied on October 28, 1997 without comment or citation to authority. Estrada proceeded to file his petition in the California Supreme Court on November 24, 1997, and that court summarily denied it on March 25, 1998. Estrada then signed and sent a habeas corpus petition to the federal district court on March 9, 1999 and that petition was filed on March 19, 1999.

Both parties agree that Estrada is entitled to statutory tolling under 28 U.S.C. § 2244(d) during the pendency of his state habeas petition. This tolls the one-year statute of limitations from August 11, 1997 until April 25, 1998 (thirty days after the California Supreme Court's denial of the petition). *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) ("Under Rule 24 [of the California Rules of Court], a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days."). Even with this statutory tolling, however, Estrada's federal habeas petition is still untimely absent equitable tolling.

#### B. Equitable Tolling

We have recognized that "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). Here, Estrada contends that AEDPA's one-year statute of limitations should be equitably tolled for four reasons. First, he argues that the Corcoran state prison facil-

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ity where he was housed from the time of his conviction until January 15, 1999 did not have a copy of AEDPA in its prison library until September of 1998. Consequently, he contends, the statute of limitations should be equitably tolled until September of 1998.

Second, Estrada argues that he was subjected to continuous prison lockdowns and work assignments at the Corcoran state prison facility between September of 1998 and January 15, 1999. Estrada asserts that the statute of limitations should be equitably tolled during this period of time because these repeated lockdowns and work assignments denied him access to the prison law library.

Third, Estrada argues that his January 15, 1999 transfer from the Corcoran state prison facility to the Centinela state prison facility impeded his ability to comply with the one-year statute of limitations and should result in equitable tolling of the statute of limitations.

Fourth, Estrada claims that the Centinela state prison facility where he was housed from January 15, 1999 until the time his federal habeas petition was filed on March 9, 1999 failed to provide him with access to AEDPA filing forms until March 1, 1999. Thus, he argues, the statute of limitations should be equitably tolled from January 15, 1999 until March 1, 1999.

The district court entered its order of dismissal before our decision in *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000). Accordingly, we REVERSE the district court's order and REMAND the case for reconsideration of the petition in light of *Whalem/Hunt*, including such further proceedings as may be appropriate in order to resolve Estrada's tolling claims.

**REVERSED AND REMANDED.**