**Anthony D. LEE, Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Respondent–Appellee.**

No. 00–15684.

D.C. No. CV–98–00636–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002 *.

Decided June 18, 2002.

Before RYMER, T.G. NELSON and THOMAS, Circuit Judges.

## MEMORANDUM **

California state prisoner Anthony D. Lee appeals pro se the district court's grant of the appellee's motion for summary judgment resulting in the dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred under Anti-terrorism and Effective Death Penalty Act's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's determination that a habeas petition is barred by the statute of limitations, *Miles v. Prunty,* 187 F.3d

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1104, 1105 (9th Cir.1999), and we vacate and remand.

At the time that it ruled on Lee's § 2254 petition, the district court did not have the benefit of this court's decision in *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam) (providing that under Rule 24 of the California Rules of Court, the denial of a habeas petition, within the California Supreme Court's original jurisdiction, is not final for 30 days). In light of this court's decision in that case, Lee's petition is timely under the AEDPA's one year statute of limitations by 16 days. Accordingly, we remand to the district court for further proceedings consistent with this opinion.

VACATED and REMANDED.