**Barry S. JAMESON, Petitioner—Appellant,**

v.

**Diana K. BUTLER, Warden, Respondent—Appellee.**

No. 00–56443.

D.C. No. CV–97–00894–MJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided July 24, 2002.

Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.

MEMORANDUM *

California state inmate Barry Jameson appeals the district court's dismissal of his § 2241 habeas corpus petition as barred by the statute of limitations, 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 2241 and review the district court's dismissal of the habeas petition de novo. *Dictado v. Ducharme,* 244 F.3d 724, 726 (9th Cir.2001). We disagree with the district court's holding that the petition was time-barred but affirm on the alternative ground that Jameson cannot state a due process claim.

Because Jameson is in custody pursuant to a state court judgment, the one-year limitations period applies to Jameson's § 2241 petition. 28 U.S.C. § 2244(d)(1); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000).

■ We agree with Jameson that his petition was not untimely. Because the disciplinary decision was final prior to AEDPA, the statute of limitations started to run on April 24, 1996. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). On that date, Jameson's state petition for writ of habeas corpus was pending. The limitations period was tolled while Jameson pursued his state petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(2). The California Supreme Court denied the habeas petition on April 24, 1996 and that decision became final on May 25, 1996 pursuant to California Rule of Court 24. *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001). He had until May 25, 1997 to file his

---

petition. Jameson filed the petition on May 7, 1997. Therefore, it was timely. We note that the district judge did not have the benefit of *Bunney* because it had not yet been decided.

 Jameson argues that his due process rights were violated because a prison disciplinary violation contributed to the denial of his parole. However, a defective disciplinary violation that does not "inevitably affect the duration of his sentence" fails to state a cognizable due process claim. It is simply an ordinary incident of prison life. *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In any event, ten other serious violations supported the parole denial so that "some evidence" supports the parole denial. *Perveler v. Estelle*, 974 F.2d 1132, 1134 (9th Cir.1992).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.