**Marcus Boyce PELHAM, Petitioner— Appellant,**

v.

**C.A. TERHUNE, Director, et al., Respondents—Appellees.**

No. 00–57071.

D.C. No. CV–00–01724–RMT(Mc).

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted July 22, 2002.*

Decided July 31, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM **

Marcus Boyce Pelham appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his California residential burglary conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we reverse and remand.

Pelham contends that his petition was improperly dismissed as untimely because the district court incorrectly determined that: (1) his one-year limitation period was not tolled during the time his first federal petition was pending in the district court; and (2) his July 23, 1998 state petition did not constitute a "properly filed" application for the purpose of statutory tolling.

■ We agree with the district court's determination that Pelham's one-year limitation period was not tolled during the pendency of his first federal petition. *See Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (concluding that 28 U.S.C. § 2244(d)(2) provides for tolling during state post-conviction proceedings, not federal). The district court's decision with regard to Pelham's July 23, 1998 state petition also was correct under the law of our circuit at that time. However, in light of the Supreme Court's decision in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), we agree that Pelham is now entitled to statutory tolling for the time his July 23, 1998 petition was pending in the California Supreme Court.

■ The government contends that Pelham's second federal petition is untimely even given the benefit of tolling for his July 23, 1998 state petition. This contention is incorrect. In calculating the number of days Pelham's limitation period was tolled, the government fails to include two

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Pelham's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

30 day periods as required by *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (concluding that California Supreme Court's denial of a petition for collateral review is not final until thirty days after the denial is issued), and incorrectly asserts that Pelham is not entitled to tolling during the time his October 27, 1999 petition was pending in the California Supreme Court. *See Smith v. Duncan,* 274 F.3d 1245, 1250–51 (9th Cir.2001) (as amended May 20, 2002) (stating that petitioner's one-year limitation period was tolled during the time his second set of state petitions were pending); *Dils v. Small,* 260 F.3d 984, 986 (2001) (tolling one-year limitation period during time second state petition was pending in California Supreme Court).

Giving Pelham the benefit of statutory tolling for all the time his habeas petitions were pending in the California court system as well as the benefit of the 30 day rule articulated in *Bunney,* we conclude that his second federal petition was filed within the one-year limitation period. Accordingly, we reverse the decision of the district court and remand for further proceedings.[1]

**REVERSED and REMANDED.**

---

1. Pelham's renewed motion for appointment of counsel, filed on September 14, 2001, is denied. We express no opinion about whether appointment of counsel would be appropriate on remand in the district court.

