Shon YOKELY, Petitioner–Appellant,

v.

Robert AYERS, Warden; Attorney General of the State of California, Respondents–Appellees.

Shon Yokely, Petitioner–Appellant,

v.

Robert Ayers, Warden, Respondent–Appellee.

Nos. 00–56456, 00–56927.

D.C. No. CV–99–07112–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Submission Deferred Jan. 30, 2002.

Resubmitted Sept. 9, 2002.

Decided Sept. 9, 2002.

As Amended Sept. 13, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge, and ZILLY, District Judge.*

## MEMORANDUM**

Shon Yokely appeals the dismissal of his habeas corpus petition for failure to file within the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). We reverse.

█ The parties do not dispute that absent some form of tolling, Yokely's petition was due by April 24, 1997. *Calderon v. U.S. Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled on other*

---

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*grounds by* 163 F.3d 530, 540 (9th Cir. 1998) (en banc) (establishing deadline for federal habeas petitions involving convictions that became final before enactment of AEDPA's one-year limitations period). Nor do they dispute that Yokely is entitled to statutory tolling during the 228 days that his habeas petitions before the state courts were under review. *See* 28 U.S.C. § 2244(d)(2). The state argues however that Yokely is not entitled to statutory tolling for the 513–day gap between the denial of his petition by the superior court and the filing of his subsequent petition before the state supreme court. We disagree.

An application for post-conviction relief in state courts is "pending" within the meaning of § 2244(d)(2) during the "intervals between a lower court decision and a filing of a new petition in a higher [state] court." *Carey v. Saffold,* —— U.S. ——, ——, 122 S.Ct. 2134, 2140, 153 L.Ed.2d 260 (2002); *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999). Nonetheless, we must determine whether Yokely "delayed 'unreasonably' in seeking California Supreme Court review," *Saffold,* —— U.S. at ——, 122 S.Ct. at 2141, taking into account any "special circumstances" or "any other relevant considerations." *Id.* We agree with the state that the facts surrounding this delay were sufficiently developed and conclude that Yokely's delay was reasonable, particularly considering that he filed his supreme court petition less than two weeks after learning through his administrative efforts that prison authorities had destroyed documents unique to his case.[1]

Yokely is therefore entitled to tolling during this entire interval between petitions.

We also agree with Yokely that he is entitled to equitable tolling for the time in which he did not have access to AEDPA materials. Subsequent to the district court's dismissal, an en banc panel of our court clarified that equitable tolling can be appropriate under these circumstances. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc). Although the state disputes Yokely's assertion that he did not learn of the limitations period until September of 1996, it cannot dispute the fact that Yokely's prison did not receive AEDPA materials until August of that year, an issue that it has already litigated. *See Brown v. Ayers,* No. 98–0030 (S.D.Cal. Dec. 22, 1998) (order denying writ of habeas corpus) (finding that same prison did not receive copy of AEDPA until August 1996). Even assuming that the prison had the AEDPA materials available as of August 1, 1996, Yokely's petition was timely filed.[2] Accordingly, we reverse and remand for consideration of his petition on the merits.

**REVERSED AND REMANDED.**

1. Because the objected-to portions of Yokely excerpts of record are unnecessary for our disposition, we decline to consider the merits of the state's motion to strike those portions of his excerpts.

2. Yokely's petition would have been due on August 12, 1999–the day that he filed his first amended petition in federal court. Thus, his petition would have been timely even without the benefit of our recent decision in *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (dismissal of state court petition by California Supreme Court not final until 30 days after decision is issued).