**Paris M. WHITFIELD, Petitioner—Appellant,**

v.

**Cheryl PLILER, Warden, et al., Respondents—Appellees.**

No. 01–16713.

D.C. No. CV–99–00512–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided March 3, 2003.

Before BEEZER, THOMAS and CLIFTON, Circuit Judges.

## MEMORANDUM *

Paris Whitfield appeals the dismissal of his petition for a writ of habeas corpus. We vacate the judgment and remand for reconsideration of the order of dismissal. The parties are familiar with the factual and procedural history of this case, so we need not recount it here.

### I

Whitfield contends that his second petition is a continuation of his first, timely-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

filed, petition. However, we have rejected the theory of "relation-back" or "continuation" in the context of successive petitions, *see Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999), unless the district court (1) expressly or impliedly retained jurisdiction, see *id.*, or (2) improperly dismissed the original petition, *see Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir.2000). Neither exception applies. Thus, Whitfield is not entitled to rely on his original filing to avert application of the federal habeas statute of limitations.

## II

The district court dismissed Whitfield's petition as untimely, noting that even if it were to apply equitable tolling, petitioner would still exceed the statute of limitations by twenty-one (21) days. For this reason, the district court did not reach the merits of the question of whether Whitfield was entitled to equitable tolling. However, after the district court's decision, we decided *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir.2001), and *Allen v. Lewis*, 295 F.3d 1046 (9th Cir.2002) (en banc). These cases hold that, at the time applicable to this case, "the California Supreme Court's denial of a petition for collateral relief does not become final until thirty days after the denial is issued." *Id.* (citing *Bunney*, 262 F.3d at 974). Therefore, under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), the time in which a federal petition for a writ of habeas corpus must be filed is tolled during the thirty-day period following the California Supreme Court's denial of a state habeas petition. The district court's analysis did not include consideration of this additional thirty-day period of statutory tolling. Therefore, we must vacate the judgment of the district court and remand this case for

reconsideration in light of *Bunney* and *Allen*. We express no opinion on the merits, reserving that to the district court for its review in the first instance.

## VACATED AND REMANDED