Craig Paul BUCHANAN, Petitioner—
Appellant,

v.

Michael YARBOROUGH, Warden,
Respondent—Appellee.

No. 03–56864.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

David E. Frank, Esq., Encino, CA, for
Petitioner–Appellant.

Beverly K. Falk, Esq., Office of the California Attorney General, Los Angeles, CA,
for Respondent–Appellee.

Before: FERNANDEZ, GRABER, and
GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Craig Paul Buchanan appeals the district court's order
dismissing his 28 U.S.C. § 2254 petition as
time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

As an initial matter, we note that
the district court certified two issues on
appeal: (1) whether a petition for writ of
*coram nobis* is a collateral proceeding and,
if so, when does a denial of such a petition

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

become final for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA); and (2) whether AEDPA's one-year statute of limitations is subject to tolling to account for the period when a timely-filed but completely unexhausted federal habeas petition waits for a ruling from the district court.[1] The scope of review in habeas cases under the AEDPA is limited to those issues specified in the Certificate of Appealability ("COA"). *Nardi v. Stewart,* 354 F.3d 1134, 1137 (9th Cir.2004). Buchanan has not filed a timely request to broaden the issues certified for appeal, *see* 9th Cir. R. 22–1, nor does he meet the standards set forth in *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Thus, to the extent that Buchanan raises issues that fall outside the scope of the COA, we will not consider them here. *See Slack,* 529 U.S. at 484, 28 U.S.C. § 2253(c); 9th Cir. R. 22–1.

 With respect to the first certified issue, we agree with the district court that a writ of *coram nobis* is a form of collateral review, *see In Re Clark,* 5 Cal.4th 750, 779, 21 Cal.Rptr.2d 509, 855 P.2d 729 (Cal. 1993); *cf. Telink, Inc. v. United States,* 24 F.3d 42, 45 (9th Cir.1994), through which Buchanan was raising a challenge with respect to the "pertinent claim." *See* 28 U.S.C. § 2244(d)(2); *Smith v. Duncan,* 297 F.3d 809, 813–14 (9th Cir.2002). The California Supreme Court issued its decision denying Buchanan's writ on May 10, 2000. Pursuant to former Rule 24 of the California Rules of Court, this decision became final on June 10, 2000, thirty days after its filing. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (per curiam); *see also People v. Carrington,* 40 Cal.App.3d 647, 650, 115 Cal.Rptr. 294 (Cal.Ct.App.

1974) (holding that a denial of a writ petition is a decision within the meaning of Rule 24). Accordingly, the district court properly afforded tolling from the date that Buchanan filed his writ of *coram nobis* through June 10, 2000.

Buchanan contends that he is entitled to equitable tolling for the period that his first § 2254 petition was before the district court. This court has not yet determined whether AEDPA's one-year statute of limitations is subject to equitable tolling to account for the period when a timely-filed but completely unexhausted federal habeas petition waits for a ruling from the district court. *See Fail v. Hubbard,* 315 F.3d 1059, 1061–62 (9th Cir.2002). Because the instant petition was untimely even if Buchanan were entitled to such tolling, we need not reach this issue.

**AFFIRMED.**

---

1. The government contends that Buchanan has waived these issues by failing to address them in his opening brief. We disagree and

conclude that the issues were sufficiently addressed by Buchanan.