**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGEI V. KOROLEV,

Petitioner - Appellant,

v.

ROBERT A. HOREL, Warden,

Respondent - Appellee.

No. 08-16509

D.C. No. 3:05-CV-04992-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted June 17, 2010
San Francisco, California

Before: HAWKINS, FISHER, and TYMKOVICH,[**] Circuit Judges.

Sergei V. Korolev ("Korolev") appeals the dismissal of his habeas petition as

untimely under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2244(d), claiming that either his petition was timely when

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

filed under existing Ninth Circuit precedent or that he is entitled to equitable tolling. We affirm.

The district court correctly held that the statute of limitations was not statutorily tolled pursuant to *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001). Although *Bunney* held that a California Supreme Court decision denying a state habeas petition was not final until thirty days after the decision was filed, it was based on a prior version of the California Rules of Court. The California Rule was amended effective January 1, 2003, to make clear that a denial of a writ is final immediately upon filing. *See* Cal. Rules of Court, Rule 8.532.

Nor does *Bunney* justify equitable tolling of the statute. Korolev attempts to rely on *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008), in which we permitted equitable tolling because the petitioner had waited in reliance on an existing Ninth Circuit precedent that was overruled by the Supreme Court only after it became too late for him to comply with the altered deadline. *See Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), *overruled by Pace v. DiGulielmo*, 544 U.S. 408, 417 (2005). In *Harris*, the underlying circuit precedent that was later overruled (*Dictado*) was interpreting federal law; reliance on *Dictado* was reasonable because nothing undercut its interpretation until the Supreme Court ruled in *Pace*. *See Harris*, 515 F.3d at 1055. Our decision in *Bunney*, however, turned entirely on state law. As

2

noted above, these state rules were amended effective January 1, 2003 – nearly two years before Korolev's petition was filed – thus undermining the basis of *Bunney*. Cal. Rules of Court, Rule 8.532(b)(2)(C); *see Corjasso v. Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (applying former rule because it was in effect at the time, but recognizing proposed change in law).[1] Despite the lack of "red-flag" or "yellow-flag" treatment of *Bunney* by Westlaw or Lexis at the time of filing, because the change in law had already occurred, any research into the basis of that opinion would have revealed the change in the California rule. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Holland v. Florida*, No. 09-5327, 2010 WL 2346549, at *13-14 (U.S. June 14, 2010) (gross attorney misconduct might justify equitable tolling, but not "garden variety" miscalculation of deadlines).

Turning to Korolev's other arguments for equitable tolling, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

---

[1] Korolev argues that we later reaffirmed *Bunney* in an en banc decision, *Allen v. Lewis*, 295 F.3d 1046 (9th Cir. 2002) (en banc); however, *Allen* was a 2002 case, so the habeas petition was necessarily filed before the effective date of the new rule and has no application here.

his way." *Pace*, 544 U.S. at 418. Whether the petitioner is proceeding *pro se* is relevant, though "a *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009).

Here, although Korolev had not technically engaged his counsel to represent him in the federal proceedings until after the federal petition was filed, he was represented by the same counsel in filing his state petition and admits that this counsel assisted in the preparation of the federal petition (preparing it, mailing it to him for signature, and getting it filed). *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) ("When a lawyer prepares legal documents on behalf of a prisoner and arranges for those documents to be signed and filed, the prisoner is not proceeding without assistance of counsel."). On this record, the district court did not err in determining that Korolev was "proceeding with the assistance of counsel."

Korolev alleges that a number of factors collectively rendered him unable to timely pursue his rights, including mental illness and an inability to communicate well in English or to obtain Russian materials. Korolev has nonetheless not demonstrated that these impediments were causally related to his untimely filing, especially because Korolev did not personally prepare the petition. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances'

4

*were the cause of his untimeliness*." (emphasis added)). Korolev's cursory allegations of causation are belied by the record, in which counsel *was* able to file a state petition one day before the expiration of the AEDPA limitations period. Korolev also promptly signed and returned the federal petition prepared by counsel, and admitted that he did provide input in connection with the habeas investigation and the petition. The district court, which gave Korolev an opportunity to amend his petition to clarify a connection between his disabilities and his untimely filing, correctly concluded that Korolev's alleged extraordinary circumstances did not in fact contribute to the untimely filing and cannot serve as a basis for equitable tolling.

**AFFIRMED**.