**RENO TAMALINI, Petitioner–Appellant,**

v.

**BELINDA STEWART, Respondent–Appellee.**

No. 99–35888

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2001

Filed May 8, 2001

Robert H. Gombiner, Federal Public Defender, Tacoma, Washington, for the petitioner-appellant.

John Joseph Samson, Attorney General's Office, Olympia, Washington, for the respondent-appellee.

Before: DAVID R. THOMPSON, TROTT, and PAEZ, Circuit Judges.

TROTT, Circuit Judge:

The Washington Court of Appeals appointed new counsel to represent convicted defendant Reno Tamalini while his appeal was pending despite Tamalini's Sixth Amendment objection to the substitution, and despite his original court-appointed appellate lawyer's willingness to continue pro bono. In this appeal, we must decide two issues: first, whether we have jurisdiction to entertain a challenge predicated upon the Fourteenth Amendment; and second, whether these circumstances violated Tamalini's rights under the Sixth Amendment to the Constitution.

We have appellate jurisdiction over Tamalini's appeal of the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 1291 and 2253 (2000). We affirm the district court's denial of his petition because (1) Tamalini did not raise a Fourteenth Amendment argument either in state or federal court; and (2) he has no Sixth Amendment right to choice of appellate counsel.

## I

### Background

A jury convicted Reno Tamalini of second-degree felony murder in Washington state court. Tamalini appealed to the Washington Court of Appeals. At the time he appealed, the Court of Appeals had a contract with the Washington Appellate Defender Association ("WADA"), whereby attorneys from WADA would represent indigent defendants in their appeals.

Because of Tamalini's indigent status, the Court of Appeals appointed Patricia

Novotny of WADA to represent him on appeal. During the appeal process, however, the contract between the Court of Appeals and WADA expired. Instead of renewing the contract with WADA, the Court of Appeals entered into a similar agreement with the law firm of Nielsen & Acosta. The Court of Appeals issued an order that "permitted" WADA attorneys to withdraw from representing their previously assigned indigent clients, and appointed Nielsen & Acosta to undertake such representation.

Tamalini, along with five other indigent appellants, asked the Washington Court of Appeals to modify its blanket order to allow their particular WADA attorneys to continue to act as appellate counsel. In a declaration attached to the motion to modify, appellants' amicus attorney, Todd Maybrown, averred that:

(1) "The WADA attorneys are willing to resume representation [of their clients] without any assurance of compensation";

(2) Some WADA attorneys "would not agree to forego any potential right to petition the State for fees in regards to any other case"; and

(3) Unlike her WADA colleagues, Patricia Novotny specifically "agreed to represent Reno Tamalini on a *pro bono* basis...."

The Washington Court of Appeals denied the appellants' joint motion to modify the withdrawal-and-substitution-order, concluding that indigent appellants are not entitled to counsel of their choice. The

Washington Supreme Court declined to exercise discretionary review.

Subsequently, the Washington Court of Appeals heard the appeal on the merits. A Nielsen & Acosta attorney orally argued the case (Tamalini's previous counsel, Novotny, had filed the brief). The Court of Appeals affirmed Tamalini's convictions, as. did the Washington Supreme Court.

Tamalini then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Washington. *See* 28 U.S.C. § 2254. His § 2254 petition presented seven issues, the last asking: "Did the appellate court violate Tamalini's sixth amendment right to counsel when it forced his appellate attorney to withdraw without cause and over Tamalini's and his attorney's objection?" In relevant part, the district court determined that Tamalini's "right to counsel" had not been violated because the Sixth Amendment does not prohibit a court from infringing upon a defendant's relationship with his court-appointed appellate attorney.

A panel of the Ninth Circuit issued a certificate of appealability asking: "whether [Tamalini's] rights under the Fourteenth Amendment and the Sixth Amendment were violated when the State of Washington appointed another attorney to replace his appellate counsel."[1]

## II

### Discussion

#### A. Standard of Review

■ We review de novo the district court's decision to deny Tamalini's petition

[1] On one hand, the certificate can be read to pose one question: whether the Court of Appeals' withdrawal-and-substitution order violated Tamalini's Sixth Amendment qualified right to choice of counsel *as applied to the states through* the Fourteenth Amendment. On the other hand, it could be construed to pose two questions: whether the Court of Appeals' withdrawal-and-substitution order violated (1) Tamalini's Sixth Amendment qualified right to choice of counsel; and (2) Tamalini's Fourteenth Amendment rights to due process and equal protection. Out of an abundance of caution, we interpret the certificate to present both questions.

for a writ of habeas corpus. *See Martinez–Villareal v. Lewis,* 80 F.3d 1301, 1305 (9th Cir.1996). Because Tamalini filed his habeas petition in October, 1998, he is subject to the provisions of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254 (2000); *Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000). Under AEDPA, Tamalini must exhaust all available state remedies before his habeas corpus petition may be granted. *See* 28 U.S.C. § 2254(b).

Even if Tamalini exhausted his state remedies, "we may reverse a state court's decision denying relief only if that decision is 'contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.'" *Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(1)).

## B. Analysis

### 1. Fourteenth Amendment

We first address the issue raised in this court's certificate of appealability— whether Tamalini's rights to due process or equal protection guaranteed by the Fourteenth Amendment were violated when the Washington Court of Appeals substituted appellate counsel over his objection. The problem we encounter in addressing this issue is that Tamalini has never made it—not before our court, not in the district court, and not to any Washington state court.

Each of Tamalini's motions in state court asserted that the Washington Court of Appeals' substitution of appellate counsel violated Tamalini's Sixth Amendment qualified right to choice of counsel. For example, Tamalini's motion to the Washington Supreme Court seeking discretion-

ary review explicitly and repeatedly invoked the Sixth Amendment's qualified right to counsel, and argued that "[t]he protections afforded by *the Sixth Amendment right to counsel* are not, and should not, be dependent upon whether counsel is retained or appointed." (emphasis added). The same is true of his motion to the state Court of Appeals. Nowhere did these state court motions allege a due process or equal protection violation under the Fourteenth Amendment. Tellingly, neither the Washington Court of Appeals nor the Washington Supreme Court analyzed, let alone mentioned, due process or equal protection. Indeed, Tamalini himself points out the exclusive Sixth Amendment emphasis of his state court motions:

> "Mr. Tamalini's motions in state court also alerted the State courts that he was making a *Sixth Amendment claim* to his *right of counsel of choice* ... Mr. Tamalini cited to numerous federal cases discussing the *Sixth Amendment.* The issue of the right to retained *counsel of choice* was thus fully and fairly presented to the state courts."

Appellant's Opening Brief at 9 (emphases added).

Because Tamalini did not describe "the operative facts and legal theory upon which [a supposed due process or equal protection] claim is based," *Bland v. Cal. Dep't of Corrections,* 20 F.3d 1469, 1473 (9th Cir.1994), *overruled on other grounds by Schell v. Witek,* 218 F.3d 1017, 1025 (9th Cir.2000) (en banc), he did not fairly present those particular federal claims to the state courts in order to give the State the opportunity to pass upon and correct them. *See Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Accordingly, Tamalini did not ex-

haust any due process or equal protection claim in Washington state courts.[2]

■ Therefore, *if* Tamalini's federal habeas petition included an unexhausted equal protection or due process claim, we would be forced to dismiss the entire petition, even if it contained other properly exhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 517–19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, as discussed below, we conclude that Tamalini's federal habeas petition does not present any Fourteenth Amendment due process or equal protection claims.

Tamalini's § 2254 petition to the district court, like his state court motions, relied exclusively on the constitutional protections of the Sixth Amendment. In fact, Tamalini framed the issue presented in his habeas petition as whether "the appellate court violate[d] Tamalini's *Sixth Amendment right to counsel* when it forced his appellate attorney to withdraw without cause and over Tamalini's and his attorney's objection?" (emphasis added). Answering that question, Tamalini argued that "[t]he substitution of counsel in this case, occurring over the objection of client and counsel and absent any justification, violated Mr. Tamalini's *Sixth Amendment right to representation.*" (emphasis added).

Tamalini's brief to this court followed the same solitary Sixth Amendment path. Again, Tamalini framed the issue as whether "Mr. Tamalini's qualified right to *counsel of choice under the Sixth Amendment* [was] violated when the State refused to allow his pro bono counsel to represent him on appeal even though counsel agreed to represent Mr. Tamalini at no expense to the State and no other reason justified the denial of counsel of choice?" Appellant's Opening Brief at 2 (emphasis added). Later, Tamalini explained the constitutional basis for his petition: "The *Sixth Amendment* provides a qualified right to counsel of choice." *Id.* at 10 (emphasis added). Finally, in discussing in this court whether he exhausted his state remedies, Tamalini admits that his "motions in state court also alerted the State courts that he was making a *Sixth Amendment claim* to his *right of counsel of choice* ... Mr. Tamalini cited to numerous federal cases discussing the *Sixth Amendment.* The issue of the right to retained *counsel of choice* was thus fully and fairly presented to the state courts." *Id.* at 9 (emphases added).

It is abundantly clear that from the beginning Tamalini sought redress for an alleged Sixth Amendment violation, and that he has continued along that same line in federal court. Nowhere in either his initial § 2254 petition or in his briefs to this court did Tamalini complain that the Washington Court of Appeals' order substituting appellate counsel violated his rights to due process of law or equal protection. Therefore, notwithstanding the way we framed the issue in the certificate of appealability, Tamalini did not present a due process or an equal protection argument in federal court, and we will not make the argument for him. *Cf. Jiminez v. Rice,* 222 F.3d 1210, 1212 (9th Cir.2000) ("As a general rule, we will not consider an issue raised for the first time on appeal.") (quoting *Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985)).

## 2. Sixth Amendment

■ Tamalini properly exhausted his state remedies with respect to his Sixth

---

2. The fact that a procedural bar may preclude Tamalini from returning to the Washington Supreme Court and presenting an equal protection or due process argument in no way nullifies the fact that he had an adequate state remedy that has not been exhausted. *See Coleman v. Thompson,* 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Amendment argument. In his motion to the Washington Court of Appeals, for instance, Tamalini described the factual circumstances surrounding the substitution of counsel, and specifically identified the Sixth Amendment as the source of his constitutional right to choice of counsel. Similarly, in his brief to the Washington Supreme Court, Tamalini again recounted the factual background of the Court of Appeals' order substituting appellate counsel, and stated: "The protections afforded by the Sixth Amendment right to counsel are not, and should not, be dependent upon whether counsel is retained or appointed." In this way, Tamalini "described the operative facts and legal theory upon which his [Sixth Amendment] claim is based," *Bland*, 20 F.3d at 1473, and thereby properly exhausted his state remedies.

■ However, on the merits, Tamalini is not entitled to relief. Under recent Supreme Court precedent, Tamalini simply has no Sixth Amendment qualified right to choose his appellate counsel.

■ The Sixth Amendment provides criminal defendants with the right to the effective representation of trial counsel. *See, e.g., Powell v. Alabama*, 287 U.S. 45, 66, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Furthermore, subject to his ability to pay, a criminal defendant has a qualified Sixth Amendment right to choose his trial counsel. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989) ("[A] defendant may not insist on representation by an attorney he cannot afford.") (quoting *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)).

Tamalini argues that these Sixth Amendment rights extend beyond the trial and to appeal. Specifically, he maintains that a criminal *appellant* has a Sixth Amendment right to counsel on appeal and a qualified Sixth Amendment right to choice of appellate counsel. The Supreme Court's decision in *Martinez v. Court of Appeal of California*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), forecloses Tamalini's argument.

In that case, Martinez, a self-taught paralegal with twenty-five years' legal experience, was convicted of embezzlement in California state court. *Martinez*, 528 U.S. at 154–55, 120 S.Ct. 684. Martinez appealed his conviction and sought to represent himself, invoking his Sixth Amendment right to conduct his own defense, as articulated in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *Id.* The California Court of Appeals denied his request to defend himself, stating:

> There is no constitutional right to self-representation on the initial appeal as of right. The right to counsel on appeal stems from the due process and equal protection clauses of the Fourteenth Amendment, not from the Sixth Amendment, which is the foundation on which *Faretta* is based.

*Id.* (citing *People v. Scott*, 64 Cal.App.4th 550, 554, 75 Cal.Rptr.2d 315 (Cal.Ct.App. 1998)).

The United States Supreme Court affirmed. *Id.* The Court began its analysis by observing that the federal constitution does not require states to provide any form of appellate review whatsoever. *Id.* at 159, 75 Cal.Rptr.2d 315; *see also McKane v. Durston*, 153 U.S. 684, 687–88, 14 S.Ct. 913, 38 L.Ed. 867 (1894). Because "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute ... [i]t necessarily follows that the [Sixth] Amendment itself does not provide any basis for finding a right to self-representation on appeal." *Martinez*, 528 U.S. at 160, 120 S.Ct. 684

(citation omitted). The Court continued: *"In light of our conclusion that the Sixth Amendment does not apply to appellate proceedings,* any individual right to self-representation on appeal based on autonomy principles must be grounded in the Due Process Clause." *Id.* at 161, 120 S.Ct. 684 (emphasis added).

■ To be sure, *Martinez* is in one respect unlike the instant case: *Martinez* concerned a criminal defendant's Sixth Amendment right to represent himself on appeal, while this case concerns Tamalini's asserted qualified Sixth Amendment right to choose his particular appellate counsel. That factual difference, however, is without a distinction because the legal holding in *Martinez* clarifies that the Sixth Amendment is applicable only to trials, not to appeals. *See id.* Simply put, none of the Sixth Amendment's protections, including a criminal defendant's qualified right to choice of counsel, extends to a criminal appeal.[3] *See id.*

Two seminal Supreme Court decisions support our conclusion. In *Douglas v. California,* two defendants were convicted in state court and appealed. 372 U.S. 353, 354, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Had they enough money to hire an attorney, the state court would have allowed them to be represented on appeal. *Id.* at 355, 83 S.Ct. 814. However, the defendants were indigents, and despite their requests, they were denied appointed counsel. *Id.* The Supreme Court noted that the state Court of Appeals' discrimination between indigents and non-indigents "lack[ed] that equality demanded by

the *Fourteenth Amendment." Id.* at 357–58, 83 S.Ct. 814 (emphasis added).

In *Evitts v. Lucey,* the defendant claimed his appellate counsel was ineffective. 469 U.S. 387, 389, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Justice Brennan, writing for the majority, acknowledged that states are not required by the Constitution to provide a route for appeal, but stated that "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the *Due Process Clause." Id.* at 401, 105 S.Ct. 830 (emphasis added). As applied in the case before it, the Court held that "[a] first appeal as of right . . . is not adjudicated in accord with *due process of law* if the appellant does not have the effective assistance of an attorney." *Id.* at 396, 105 S.Ct. 830 (emphasis added). Therefore, it is quite clear that both *Douglas* and *Evitts* relied on the Fourteenth Amendment, not the Sixth, in guaranteeing criminal defendants rights to appellate counsel.

We acknowledge that in the past, several courts, including the Ninth Circuit, have been inconsistent about whether a criminal defendant's rights to appellate counsel derive from the Sixth or the Fourteenth Amendment. For example, in *Hendricks v. Zenon,* we described the duty to provide an indigent defendant with effective counsel on appeal as "commanded by the Fourteenth Amendment to the Constitution of the United States." 993 F.2d 664, 669 (9th Cir.1993). In contrast, we stated in *Ellis v. Armenakis* that "the Sixth Amendment provides a right to effective assistance of

---

3. Concluding that the Sixth Amendment is inapplicable to appeals does not leave the criminal appellant constitutionally defenseless. As explained below, if the state provides an appeal as a matter of right, its appellate procedures must comport with the Due Process and Equal Protection Clauses of the

Fourteenth Amendment. *See Martinez,* 528 U.S. at 161, 120 S.Ct. 684; *see also Evitts v. Lucey,* 469 U.S. 387, 389, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (due process); *Douglas v. California,* 372 U.S. 353, 354–55, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (equal protection).

counsel for all direct appeals the state grants as of right...." 222 F.3d 627, 632 (9th Cir.2000).[4]

 Despite these apparent incongruities, the Supreme Court has resolved the discrepancy, and we are now bound by *Martinez's* unmistakable holding that the Sixth Amendment's guarantees are inapplicable to criminal appeals. To clear up any lingering ambiguity, we reiterate our holding: because states are not required to provide appellate review at all, a convicted defendant has no Sixth Amendment rights on appeal, including the qualified right to choice of counsel. If, however, the State elects to furnish an avenue for appeal, its procedures must comport with the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Accordingly, the decision of the Washington Court of Appeals to appoint new counsel over Tamalini's Sixth Amendment objection was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Van Tran*, 212 F.3d at 1149.

### III

For the foregoing reasons, we affirm the district court's order denying Washington state prisoner Reno Tamalini's petition for a writ of habeas corpus.

---

4. It is true that *Ellis* was decided after *Martinez*. However, *Ellis* never analyzes, mentions, or even cites *Martinez*. More importantly, *Ellis* concerned a totally different

question—whether a convicted defendant has the right to counsel in collateral proceedings—than the one presented here. *Ellis*, 222 F.3d at 632–33.