UNITED STATES of America, Plaintiff–Appellee,

v.

Hector GUERRA–FION, aka Hector Guerra–Rion; aka Hector Guerra–Cruz; aka Hector Javier Guerra, Defendant–Appellant.

No. 00–10374.

D.C. No. CR 99–01472–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2001 *.

Decided July 3, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, and LAY ** and BOOCHEVER, Circuit Judges.

### MEMORANDUM ***

Hector Guerra–Fion appeals from the sentence imposed following his guilty plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. He contends that his prior 1986 state conviction for attempted murder and attempted mayhem should not have been used as an aggravated felony to enhance his sentence because he was not represented by counsel at the state trial. Because the parties are familiar with the facts, we do not discuss them here.

Guerra–Fion argues that the district court abused its discretion in failing to grant him an evidentiary hearing. He sought to introduce testimony that he did not validly waive counsel at his 1986 state trial. The district court had before it the California Court of Appeals opinion affirming Guerra–Fion's conviction, describing the circumstances under which Guerra–Fion waived counsel, and finding that Guerra–Fion's knowing and intelligent waiver of counsel unequivocally appeared on the record. Although Guerra–Fion contends that the copy of the unpublished opinion should have been certified, he made no objection to the introduction of the opinion at the sentencing hearing. It was not an abuse of discretion to refuse to order an evidentiary hearing.

Further, Guerra–Fion has not met his burden to "present evidence sufficient to overcome the presumption that there was a valid waiver of counsel." *United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir.1998) (as amended). He does not present any evidence that would demonstrate that his waiver was not knowing and intelligent.

Finally, Guerra–Fion argues that his waiver did not extend to waive his right to counsel on appeal. But "the Sixth Amendment is applicable only to trials, not to appeals. Simply put, none of the Sixth Amendment's protections, including a criminal defendant's qualified right to choice of counsel, extends to a criminal appeal." *Tamalini v. Stewart*, 249 F.3d 895, 901 (9th Cir.2001) (citing *Martinez v. Court of Appeal of California*, 528 U.S. 152, 161, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000)). Guerra–Fion cannot collaterally

---

** The Honorable Donald L. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

**610**

attack his state court conviction on any basis other than the denial of his Sixth Amendment right to counsel in the trial court. *See Custis v. United States,* 511 U.S. 485, 494–95, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). He does not describe facts showing that his lack of counsel on appeal was due to discrimination against an indigent in violation of the Fourteenth Amendment, *see Douglas v. California,* 372 U.S. 353, 357–58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), or that due process was violated, *see Evitts v. Lucey,* 469 U.S. 387, 401, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

The district court did not err by enhancing Guerra–Fion's sentence on the basis of his 1986 state conviction for attempted murder and attempted mayhem.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.