**Essic FAIL, Petitioner–Appellant,**

v.

**Suzanne HUBBARD, Warden, Respondent–Appellee.**

**No. 99–15548.**

United States Court of Appeals, Ninth Circuit.

Submission Deferred Feb. 16, 2001

Resubmitted for Decision July 10, 2001

Filed Dec. 3, 2001

Matthew C. Bradford, Downey, Brand, Seymour & Rohwer, LLP, Sacramento, California, for the petitioner-appellant.

Gregory A. Ott, Office of the California Attorney General, San Francisco, California, for the respondent-appellee.

Appeal from the United States District Court for the Northern District of California; Maxine M. Chesney, District Judge, Presiding. D.C. No. CV–98–04463–MMC.

Before: SCHROEDER, Chief Judge, WALLACE, and TALLMAN, Circuit Judges.

Opinion by Chief Judge SCHROEDER; Concurrence by Judge WAllACE

SCHROEDER, Chief Judge:

Essic Fail appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Although we deferred submission pending the Supreme Court's decision in *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), the Supreme Court did not deal directly with the issue this case now presents. That issue is whether the one-year statute of limitation established by the Antiterrorism and Effective Death Penalty Act (AEDPA), *see* 28 U.S.C. § 2244(d)(1), may be equitably tolled during the period between the date of the filing of an entirely unexhausted petition and the date of its dismissal by the district court without prejudice after the statute of limitation has run.

The Supreme Court in *Duncan* resolved a split among the circuits about whether AEDPA itself statutorily tolls the statute of limitation during the pendency of federal as well as state proceedings. *See Duncan,* 121 S.Ct. at 2124. The statutory language the Court interpreted, 28 U.S.C. § 2244(d)(2), reads:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court held that § 2244(d)(2) provides only for tolling during the pendency of state post-conviction proceedings, not federal. *See id.* at 2129. The concurrence of Justice Stevens, joined by Justice Souter, was essentially conditioned on the understanding that the Court's holding did not preclude tolling on equitable grounds for the class of petitioners Congress "simply overlooked." *Id.* at 2130 (Stevens, J., concurring). Justice Stevens described that class as "petitioners whose timely

filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Id.*

The following time line in this case demonstrates that Fail falls squarely within the class of petitioners that Justice Stevens described:

4–24–96: AEDPA's one-year statute of limitation begins to run

8–9–96: Fail files his first 28 U.S.C. § 2254 petition (Petition No. 1), raising 5 claims for relief

11–22–96: Fail amends Petition No. 1, abandoning 3 clearly unexhausted claims

4–24–97: AEDPA one-year statute of limitation expires

7–28–97: Fail's Petition No. 1 dismissed without prejudice for failure to exhaust (356 days after initial filing)

Following the district court's dismissal of Petition No. 1, Fail returned to California's state courts to exhaust his claims. He filed a habeas petition in a California trial court on December 22, 1997, appealed its denial to the Court of Appeal, and then pursued habeas relief in the California Supreme Court. On October 28, 1998, the California Supreme Court denied Fail's habeas petition. Fifteen days later, Fail returned to federal court and filed a new habeas petition (Petition No. 2), which the district court sua sponte dismissed as time-barred. Fail now appeals that dismissal, and we granted a certificate of appealability limited to the issue of timeliness.

Fail argues that equitable tolling rescues Petition No. 2. He contends that if AEDPA's statute of limitation is equitably tolled to account for the entire period of time when Petition No. 1 awaited adjudication in the district court, the one-year clock stopped on August 9, 1996 after 107 days had elapsed, and restarted on July 28, 1997 with 258 days remaining. *See, e.g., Nino v. Galaza,* 183 F.3d 1003, 1006–07 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). Including tolling for the pendency of Fail's subsequent state habeas petitions pursuant to 28 U.S.C. § 2244(d)(2), the one-year clock stopped again on December 22, 1997, and restarted on October 28, 1998, with 111 days remaining. *See Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 363–65, 148 L.Ed.2d 213 (2000) (defining "properly filed" state petition); *Nino,* 183 F.3d at 1006–07. With the combined benefit of equitable and statutory tolling, Fail argues, Petition No. 2 is timely.

No circuit has conclusively decided whether AEDPA's one-year statute of limitation is subject to equitable tolling to account for the period when a timely filed but completely unexhausted federal habeas petition waits for a ruling from the district court. The First Circuit recently concluded that equitable tolling might be available when the earlier § 2254 petition is dismissed as mixed under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), but took no position on the issue and remanded for the district court to develop the record and consider the issue in light of *Duncan. See Neverson v. Bissonnette,* 261 F.3d 120, 126 (1st Cir. 2001). At least two other circuits have denied equitable tolling sought by petitioners whose earlier § 2254 petitions were dismissed for failure to exhaust, but on facts different from those presented here. *See Grooms v. Johnson,* 208 F.3d 488, 489–90 (5th Cir.1999) (per curiam) (denying equitable tolling because petitioner never tried to exhaust his claims in state court after the district court dismissed his first § 2254 petition without prejudice); *Jones v. Morton,* 195 F.3d 153, 159–60 (3d Cir. 1999) (same).

In this circuit, equitable tolling is warranted only by extraordinary circum-

stances beyond the petitioner's control which made it impossible to file a timely federal habeas petition. *See Frye v. Hickman*, 258 F.3d 1036, 1038 (9th Cir.2001); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). Unlike the First Circuit in *Neverson*, we have the benefit of a sufficiently developed record and the parties' supplemental briefs addressing the impact of *Duncan. Cf. Neverson*, at 126. The district court's delay in dismissing Fail's Petition No. 1 was beyond his control, but, as the State contends, such delays are routine and not extraordinary. *See, e.g., Duncan*, 121 S.Ct. at 2130 (Stevens, J., concurring) (citing with approval Justice Breyer's observations in dissent that "district courts on average take 268 days to dismiss petitions on procedural grounds; 10% remain pending more that 2 years").

 Our circuit law requires petitioners to demonstrate "extraordinary circumstances" that are particular to the individual seeking relief, to qualify for equitable tolling. Applying our law, we must conclude that equitable tolling is not warranted in cases like the one before us, where a petitioner is affected only by routine delay in the district court and a "perceived omission on the part of Congress." *See id.* at 2130-31 (Stevens, J., concurring); *Frye*, 258 F.3d 1036, 1038; *cf. Miles*, 187 F.3d at 1107 (permitting equitable tolling where prison authorities delayed in mailing habeas petition and filing fee to the district court); *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541-42 (9th Cir.1998) (en banc) (death row inmate's mental incompetency equitably tolled statute of limitation until court could make a competency determination), *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir.1997) (affirming equitable tolling for death penalty petitioner based on counsel's withdrawal and shoddy work product), *overruled in part on other grounds by Kelly*, 163 F.3d at 540.

Without the benefit of equitable tolling to account for Petition No. 1, AEDPA's one-year statute of limitation ran well before Fail returned to state court to exhaust his claims. The district court's dismissal of Fail's Petition No. 2 is therefore

AFFIRMED.

WALLACE, Circuit Judge, concurring:

I concur in the result reached by the majority but write separately because there is no reason to reach out to decide whether AEDPA's one year statute of limitations may be equitably tolled while a timely filed but unexhausted federal habeas petition waits for a ruling from the district court. In this case, it would not be so tolled anyway and there is thus no reason to decide if equitable tolling is available.