Roberto B. TAYLOR, Petitioner–
Appellant,

v.

MULE CREEK STATE PRISON, War-
den; Attorney General of the State of
California, Respondents–Appellees.

No. 00–56318.
D.C. No. CV–99–12984–CAS(EE).

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2001.*

Decided Dec. 21, 2001.

Before O'SCANNLAIN, and PAEZ,
Circuit Judges, and KING,** District
Judge.

MEMORANDUM ***

Roberto A. Taylor appeals an order dis-
missing his 28 U.S.C. § 2254 petition as
time-barred by the one-year statute of lim-
itations set forth in 28 U.S.C. § 2244(d).
We have jurisdiction under 28 U.S.C.
§§ 1291 & 2253, and affirm.

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** Honorable Samuel P. King, Senior United
States District Judge for the District of Ha-
waii, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this Circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

A district court's decision to dismiss a writ of habeas corpus on statute of limitations grounds is reviewed de novo. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999).

Taylor's first section 2254 petition did not toll the statute of limitations under section 2244(d)(2). *See Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) (limiting statutory tolling under section 2244(d)(2) to state—not federal—petitions).

As for *equitable* tolling, because we agree that the first petition contained no exhausted federal claims, Taylor is not entitled to such tolling during the pendency of that first petition. Although Taylor argued that the state trial court failed to instruct sua sponte on a lesser included offense, he did not "fairly present" to the California Supreme Court the federal claims that he attempted to bring in his section 2254 petitions (claims that his federal constitutional rights under the Fifth, Sixth, or Fourteenth Amendments to the United States Constitution were violated). *See Lyons v. Crawford,* 232 F.3d 666, 668–69 ("[T]he petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.") (citation omitted), *amended on other grounds,* 247 F.3d 904 (9th Cir.2001). Despite citing *People v. Ramkeesoon,* 39 Cal.3d 346, 216 Cal.Rptr. 455, 702 P.2d 613 (Cal.1985), Taylor merely argued that the state trial court's failure to instruct on a lesser included offense violated "the concept of fundamental fairness." This was insufficient to fairly present a specific federal claim to the state court. *See Shumway v. Payne,* 223 F.3d 982, 988 (9th Cir.2000) ("[I]t is

not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court.") (quoting *Gray v. Netherland,* 518 U.S. 152, 163, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996)). Because Taylor's first petition was unexhausted, it did not equitably toll the statute of limitations. *See Fail v. Hubbard,* 272 F.3d 1133, 1135 (9th Cir.2001) (holding that limitations period is not subject to equitable tolling for the period that an entirely unexhausted federal petition is pending). Likewise, *Tillema v. Long,* 253 F.3d 494 (9th Cir.2001) (applying equitable tolling principles where a timely-filed mixed petition was dismissed without giving the petitioner an opportunity to amend to delete the unexhausted claims) does not apply because there were no exhausted claims with which to proceed.

Moreover, even if the first petition were mixed, Taylor would not be entitled to equitable tolling under *Tillema* because the statute of limitations did not expire while the first petition was pending. *See Tillema,* 253 F.3d at 503–04 (reasoning that dismissal "literally and immediately extinguished [petitioner's] ... right to federal habeas review"). Rather, the time for Taylor to file expired after the dismissal of his first petition. The statute of limitations did not expire because of circumstances beyond his control. *See Miles,* 187 F.3d at 1107 (permitting equitable tolling of AEDPA's statute of limitation "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (citations omitted).

AFFIRMED.