Earnest T. WOODRUFF, Petitioner–Appellant,

v.

E. ROE, Warden, Respondent–Appellee.

No. 00–56643.

D.C. No. CV–00–06669–DT(RNB).

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2002.*

Decided April 17, 2002.

---

13.  399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

14.  *Id.* at 10–11.

15.  429 F.2d 1096, 1101 (9th Cir.1970).

16.  28 U.S.C. § 2254(d)(1).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,** District Judge.

### MEMORANDUM***

Earnest T. Woodruff appeals the district court's dismissal of his habeas corpus petition. The district court determined that Woodruff had not filed within the one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). We affirm.

Woodruff makes a number of arguments, but what this case boils down to is the question of whether the statute of limitations should have been tolled during the time that a prior dismissed habeas corpus petition was pending in the district court. In general, the statute of limitations is not tolled during the pendency of a prior federal habeas corpus petition. *See Duncan v. Walker,* 533 U.S. 167, 181–82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001). That is true, even if the statute of limitations ran while the prior petition was pending. *See Fail v. Hubbard,* 272 F.3d 1133, 1135–36 (9th Cir.2001).

Thus, absent equitable tolling, Woodruff cannot proceed. He asserts that he is entitled to equitable tolling because the district court improperly dismissed his first petition on the basis that the claims were unexhausted.[1] If his prior petition had both exhausted and unexhausted claims, he would have a good point. *See James v. Pliler,* 269 F.3d 1124, 1126 (9th Cir.2001); *Jorss v. Gomez,* 266 F.3d 955, 958 (9th Cir.2001); *Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001). However, all the prior petition's claims were unexhausted because none had been fairly presented to the California courts. *See Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam); *Picard v. Connor,* 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir.1982); *Matias v. Oshiro,* 683 F.2d 318, 319–20 (9th Cir.1982); *see also Tamalini v. Stewart,* 249 F.3d 895, 898–99 (9th Cir.2001). Thus, the district court did not err when it dismissed the second petition.[2]

AFFIRMED.

---

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. He also alludes to possible present mental incompetency. *See Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc). However, that would not help him because his first petition was timely filed, and if that did not toll the running of the statute, it was already too late by the time it was dismissed. In addition, he alludes to lockdowns at the prison, but he did not raise that issue in the district court and cannot raise it here for the first time. *See Willard v. California,* 812 F.2d 461, 465 (9th Cir.1987). At any rate, that, too, did not prevent his timely filing of the first petition, and lockdowns after that point are of no consequence.

2. On the facts of this case, the district court did not abuse its discretion when it declined to appoint counsel for Woodruff. *See Bonin v. Vasquez,* 999 F.2d 425, 429 (9th Cir.1993); *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.1986).