**Charles Roger JORSS, Petitioner–Appellant,**

v.

**James H. GOMEZ, Director, Respondent–Appellee.**

**No. 99–16986.**

United States Court of Appeals, Ninth Circuit.

Submitted * Feb. 16, 2001.

Filed Dec. 4, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

Charles Roger Jorss, Pro Se, Ione, CA, for the petitioner-appellant.

Ross C. Moody, Deputy Attorney General, Office of the Attorney General of the State of California, San Francisco, CA, for the respondent-appellee.

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

Opinion by Judge TALLMAN; Concurrence by Judge WALLACE.

## ORDER

Our opinion filed on September 4, 2001, is hereby withdrawn. A new opinion, and a separate concurrence by Judge Wallace, are filed simultaneously herewith.

The petition for rehearing and for rehearing en banc is denied without prejudice as moot.

TALLMAN, Circuit Judge.

## OPINION

Charles Roger Jorss, a California state prisoner, appeals pro se the district court's dismissal of his habeas petition as time-barred under 28 U.S.C. § 2244(d). The district court granted a Certificate of Appealability ("COA") as to "whether equitable tolling applied" to Jorss's petition. Because we find that a determination of timeliness under the statute is a necessary predicate to the question of whether equitable tolling should be applied, we hold, in light of our en banc decision in *Allen v. Lewis*, 295 F.3d 1046 (9th Cir.2002), that Jorss's petition was timely filed. We therefore reverse the district court's dismissal of Jorss's petition and remand for consideration of his petition on the merits.

## I

Jorss is serving a 188–year sentence for forcible sexual molestation imposed by the Santa Cruz County Superior Court on May 5, 1994. On September 27, 1995, the California Supreme Court denied Jorss's petition for review on direct appeal. Because Jorss's conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitation period imposed under AEDPA began to run on April 25, 1996. 28 U.S.C. § 2244(d)(1); *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir.2001). That period of limitation is statutorily tolled, however, for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir.1999).

Absent tolling, Jorss would have had until April 24, 1997, to timely file his habeas petition. *See Patterson*, 251 F.3d at 1246. However, as discussed below, that time period was statutorily tolled while Jorss was properly pursuing his state post-conviction remedies.

Jorss's September 1995 petition for review on direct appeal raised three claims. On February 20, 1997, Jorss filed a state habeas petition containing nine additional claims. On April 18, 1997, while his state habeas petition was still pending before the California Supreme Court, Jorss filed a timely § 2254 petition in the district court, and a motion to stay the federal petition pending exhaustion of his state claims. On April 22, 1997, a deputy clerk of the court for the Northern District of California returned his § 2254 petition and motion, refusing to file it or to refer it to a United States district judge for review on the merits.

The California Supreme Court denied Jorss's habeas petition on May 28, 1997. That decision became final 30 days later on June 27, 1997. *See Allen*, 295 F.3d at 1046 (reaffirming *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001), which held that the California Supreme Court's denial of a petition for collateral relief does not become final until 30 days after the denial has been issued). The April 24, 1997, due date for Jorss's petition was thus statutorily tolled for approximately 127 days—the period between February 20, 1997, and June 27, 1997. Based on this calculation, Jorss's federal habeas petition would therefore be timely if filed with the district court on or before August 29, 1997. *See Patterson*, 251 F.3d at 1245–46.

On July 7, 1997, Jorss filed a subsequent § 2254 petition in the district court raising a total of 12 claims, including the three claims rejected by the California Supreme Court on direct review in 1995 and the

nine claims rejected by the California Supreme Court on collateral review in 1997.[1] On August 5, 1997, the district court mistakenly concluded that three of the 12 claims had not been exhausted because Jorss had raised only nine claims in his state habeas corpus petition. In so concluding, the district court relied upon Jorss's assertion that he had proceedings pending in the California Supreme Court, when in fact no proceedings specific to this petition were pending. Accordingly, the district court summarily dismissed without prejudice the § 2254 petition for failure to exhaust state court remedies.

Jorss promptly sought reconsideration. On August 11, 1997, he re-filed his § 2254 petition, raising the same 12 claims that were all exhausted.[2] Two years later, on April 12, 1999, the district court dismissed this § 2254 petition as time-barred under AEDPA. The district court subsequently granted a Certificate of Appealability as to "whether equitable tolling applied," and Jorss timely appealed.

## II

As noted above, the California Supreme Court's denial of a petition for collateral relief does not become final until 30 days after the denial has been issued. *See Allen,* 295 F.3d at 1046; *Bunney,* 262 F.3d at 974(citing California Rule of Court 24). In accordance with this rule of statutory tolling, Jorss's petition, filed on August 11, 1997, would have been timely because it was filed before the August 29, 1997, due date. The question before us, however, is whether we can even consider, *sua sponte,* whether Jorss's petition was timely filed under AEDPA when the COA granted by the district court only asked "whether eq-

uitable tolling applied." We hold that we can.

■ A habeas petition is timely if it is filed within AEDPA's one-year statute of limitation period. 28 U.S.C. § 2244(d)(1). A petition can also be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies. *See Tillema v. Long,* 253 F.3d 494, 498(9th Cir.2001). AEDPA's one-year statute of limitation can be statutorily tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Where a petition is untimely under the statute, equitable tolling may be applied to save the petition when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002).

■ This framework necessitates that a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied. As a matter of logic, where a petition is timely filed within the one-year statute of limitation imposed by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable tolling need not be applied. Similarly, equitable tolling need not be applied where a petition is timely due to statutory tolling under § 2244(d)(2). Thus, a determination of timeliness under the provisions of the statute is a necessary predicate to, and encompassed within, the issue of whether equitable tolling should be applied. As such, consideration of whether Jorss's petition was timely under

---

1. This subsequent petition is not a "second or successive petition" within the meaning of AEDPA because the initial petition submitted to federal court was not filed by the clerk.

2. The filing of this subsequent petition is also not a "second or successive petition" under AEDPA because none of the previously submitted petitions were adjudicated on the merits. *See Slack v. McDaniel,* 529 U.S. 473, 475, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

the statute is appropriate in this case because it falls within the scope of the issue specified in his COA. *See, e.g., Hiivala v. Wood,* 195 F.3d 1098, 1102–03(9th Cir. 1999).

### III

We conclude that because the filing deadline for Jorss's petition was statutorily tolled until August 29, 1997, and because Jorss timely filed his fully exhausted petition on August 11, 1997, his petition was timely filed. We therefore need not reach the question of equitable tolling.

We reverse the district court's order dismissing Jorss's petition as untimely, and remand for consideration of his habeas petition on the merits.

**REVERSED and REMANDED.**

WALLACE, Senior Circuit Judge, concurring:

I reluctantly concur with the majority that Jorss' petition was equitably tolled and thus not time-barred as compelled by *Tillema v. Long,* 253 F.3d 494 (9th Cir. 2001) (en banc). I disagree, however, with the majority's conclusion that the issue of statutory tolling is necessarily contained within the issue of equitable tolling, the only issue presented by the certificate of appealability (COA). I also question the majority's power to reach the issue of statutory tolling *sua sponte.*

The district court granted a COA on the issue of whether equitable tolling will save Jorss' habeas corpus petition. A court of appeals may not reach issues not contained within the COA. *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam) ("We hold that 28 U.S.C. § 2253(c)(3) limits the issues that may be considered on appeal to those specified in a COA"), *cert. denied,* 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000); *accord Beaty v. Stewart,* 303 F.3d 975, 984 (9th Cir.2002) ("Courts of Appeals lack jurisdiction to

resolve the merits of any claim for which a COA is not granted"); *United States v. Christakis,* 238 F.3d 1164, 1168, n. 4 (9th Cir.2001).

Despite the clear meaning of *Hiivala* and our subsequent cases, some of our opinions have decided issues that do not appear in the face of the COA so long as they are clearly comprehended within the certified issue. *Tillema,* 253 F.3d at 502 n. 11; *Jones v. Smith,* 231 F.3d 1227, 1231 (9th Cir.2000). That is, these decisions hold that the court of appeals may consider an issue not certified if it is necessary to answer the issue presented by the COA. *Tillema,* 253 F.3d at 502, n. 11 (court of appeals may consider the meaning of "pertinent judgment or claim" when the district court certified the question of whether the habeas petition was timely); *Jones,* 231 F.3d at 1231(court of appeals may consider whether the claim was exhausted when the district court certified the merits of petitioner's habeas claim). Under this line of cases, the question becomes: is the issue of statutory tolling clearly comprehended within the issue of equitable tolling?

We answered this precise question in *Miles v. Prunty,* 187 F.3d 1104, 1107 n. 2 (1999). In *Miles,* as here, the COA was limited to the issue of equitable tolling. In *Miles,* as here, we would have held that the petition would be deemed timely because of statutory tolling. But *Miles,* unlike the majority, wisely recognized that section 2253 prevented the court from reaching the issue. *Id.* at 1106 n. 2. Instead, it squarely answered the certified issue of equitable tolling. *Id.* at 1107. *Miles* demonstrates that statutory tolling is not clearly comprehended within the issue of equitable tolling. Stare decisis would mandate the majority not reaching the question of statutory tolling.

To the contrary, the majority argues that "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied." [Maj. Op. at 1192] If a petition is timely filed within the one-year statute of limitations, the majority concludes that equitable tolling does not apply. [Id.] Thus, the majority states that the question of statutory tolling is clearly comprehended within the issue of equitable tolling.

I disagree. Equitable tolling is not some sort of exception that applies once the action is time-barred. Instead, equitable tolling does what its name suggests: it *tolls* the statute of limitations to demonstrate that the action was never time-barred to begin with. Therefore, a claim may be equitably tolled even if the limitation period has not statutorily run. The issue of statutory tolling is not clearly contained within the issue of equitable tolling, and the majority's reaching beyond issues stated in the COA is improper.

It may be that addressing the issue of statutory tolling is warranted in these circumstances, because *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001), was issued January 10, 2001, while the COA was filed September 1, 1999, more than sixteen months earlier. However, before establishing such a dubious exception to the rule of *Hiivala* and *Miles*, the majority should first determine whether Jorss' petition may be equitably tolled, as the COA inquires, in case any decision on the scope or effect of the COA is unnecessary. Here, it is.

We normally apply equitable tolling when "extraordinary circumstances beyond the petitioner's control ... [make] it impossible to file a timely federal habeas petition." *Fail v. Hubbard*, 272 F.3d 1133,

1135–36 (9th Cir.2001). *Tillema*, 253 F.3d at 503, applied equitable tolling to a situation that is similar to the one we face here: a petitioner's first timely filed federal habeas petition was dismissed as unexhausted after the one-year period had expired, and the petitioner was given no opportunity to amend his petition to abandon the unexhausted claims. While I doubt the soundness of *Tillema*, I can see no meaningful difference between it and the case we now decide. I am bound by it and must concur in the result reached by the majority.