FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADRIAN MELGOZA,

                Petitioner - Appellant,

   v.

RICHARD KIRKLAND, Associate
Warden,

                Respondent - Appellee.

No. 08-16837

D.C. No. 5:06-cv-04861-JW

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

    California state prisoner Adrian Melgoza appeals from the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition as untimely filed. We have

jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

AH/Research

Melgoza contends that the district court wrongly calculated the due date of his habeas petition, and that, contrary to the district court's holding, his habeas petition was timely filed. As the State commendably acknowledges on appeal, the district court failed to apply the prisoner mailbox rule, and therefore wrongly calculated the length of the equitable tolling period. Melgoza is entitled to additional tolling under the prisoner mailbox rule. *See Ramirez v. Yates*, 571 F.3d 993, 996 n.1 (9th Cir. 2009) (internal quotations and citations omitted). Thus, when Melgoza delivered his habeas petition to prison officials on August 8, 2006, it was timely when the tolling acknowledged by the State is taken into consideration. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). Because Melgoza's federal habeas petition is timely, we reverse the district court's judgment dismissing Melgoza's petition, and remand for further proceedings.

The appointment of counsel shall continue on remand to the district court.

Melgoza's motion for judicial notice is granted.

Melgoza's motions for summary reversal and immediate issuance of the mandate are denied as moot.

**REVERSED AND REMANDED.**