**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN ANTONIO WILLIAMS, <br><br> Petitioner - Appellant, <br><br> v. <br><br> JOHN W. HAVILAND, Warden, <br><br> Respondent - Appellee. | No. 08-15834 <br><br> D.C. No. 3:05-CV-02870-MHP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted July 14, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District Judge.[**]

Kevin Antonio Williams appeals the district court's denial of his habeas petition. Williams claims that the state trial court erred in refusing to reconsider its denial of his first *Batson* challenge given that the court subsequently found a prima

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

facie case of discrimination with regard to the second struck juror.[1]  As the facts

and procedural history are familiar to the parties, we do not recite them here except

as necessary to explain our decision.  This court has jurisdiction under 28 U.S.C. §

2253.  We affirm.

Williams's procedural claim regarding sequential *Batson* challenges has not

yet been squarely addressed by the United States Supreme Court, so we must defer

to the state court's resolution of the issue.[2]  *See Moses v. Payne*, 555 F.3d 742,

758-59 (9th Cir. 2009).  Contrary to Williams's suggestion, *Batson*'s general

requirement that the trial court assess "all relevant circumstances" in deciding

whether a defendant has made a prima facie case for discrimination does not

"squarely address" the specific question whether a court must reconsider its denial

of a *Batson* motion with regard to one juror if it subsequently finds a prima facie

case of discrimination with regard to a different juror.  *Cf. Gonzalez v. Brown*, 585

F.3d 1202, 1208 n.4 (9th Cir. 2009) (deferring to state court because the "closest

thing to guidance in [] *Batson*" did not announce a "per se" rule squarely

addressing petitioner's claim).  In fact, in *Batson*, the Supreme Court explicitly

---

[1] The court accepted the prosecutor's race-neutral reasons for the second strike and ultimately denied Williams's second *Batson* motion.

[2] Williams also argues that the trial court erred by not finding a prima facie case of discrimination when counsel made his first *Batson* challenge.  This claim is unexhausted, as it was never presented to the California Court of Appeal.  *See Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001).

declined to "formulate particular procedures to be followed upon a defendant's timely objection to a prosecutor's challenges."  *Batson v. Kentucky*, 476 U.S. 79, 99 (1986); *see also id.* at 99 n.24 ("In light of the variety of jury selection practices followed in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today.").[3]

Therefore, in light of "the absence of any clear contrary declaration from the United States Supreme Court, we cannot hold under the AEDPA that the California Court of Appeal unreasonably applied *Batson*" when it upheld the trial court's refusal to reconsider a previously rejected *Batson* challenge after finding a prima facie case of discrimination with respect to a subsequent juror.  *Gonzalez* 585 F.3d at 1209.

**AFFIRMED.**

---

[3] In *Batson*, the defense raised a single joint challenge to the peremptory challenges at the end of voir dire, instead of four separate challenges.  Thus, the Supreme Court did not have occasion to address whether the trial court would have been required to revisit its earlier determinations had the motions been made separately.  *See Batson*, 476 U.S. at 83.