NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRK RISHOR,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>ATTORNEY GENERAL FOR THE STATE OF WASHINGTON,<br><br>        Respondent-Appellee. | No. 19-35850<br><br>D.C. No. 2:18-cv-00708-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Kirk Rishor appeals pro se from the district court's order denying his motion under Federal Rule of Civil Procedure 60(b). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Rishor challenges the 28 U.S.C. § 2254 habeas corpus proceeding that he

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

initiated in 2011. Specifically, he argues that (1) the district court violated his Sixth Amendment right to self-representation by sua sponte appointing counsel to represent him in the district court; and (2) appointed counsel committed a fraud on the court by continuing to represent him on appeal. The district court did not abuse its discretion by denying Rishor's motion because Rishor has not shown that he is entitled to relief. *See Pizzuto v. Ramirez*, 783 F.3d 1171, 1775, 1180 (9th Cir. 2015) (stating standard of review and requirements to show fraud under Rule 60). The constitutional right to self-representation does not extend to federal habeas proceedings. *See Martinez v. Court of Appeal of California*, 528 U.S. 152, 160 (2000) (Sixth Amendment rights attach only "in preparation for trial and at the trial itself"); *Tamalini v. Stewart*, 249 F.3d 895, 900-02 (9th Cir. 2001) (Sixth Amendment rights do not extend beyond the trial). Moreover, the record belies Rishor's claim that the district court's appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) was limited in scope and improperly continued on appeal. *See* 9th Cir. R. 4-1(a).

In light of this disposition, we do not reach the government's remaining arguments.

**AFFIRMED.**

19-35850